## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

JOHN D. LOPEZ,                                    Case No. 10-10861-RGM
                                                  (Chapter 7)
        Debtor.

### MEMORANDUM OPINION

THIS CASE is before the court on the debtor's motion to approve a reaffirmation agreement with Navy Federal Credit Union.  The debtor proposed to reaffirm a debt secured by a first trust on his home.  He is not delinquent.

Prior to 2005, a debtor had the right to continue to make payments on a debt that was current and retain the property that was collateral for the debt without redeeming the property or reaffirming the debt.  This was commonly called the ride-through.  *Home Owners Funding Corp. of Am. v. Belanger (In re Belanger),* 962 F.2d 345 (4th Cir. 1992).  In 2005, Congress amended the Bankruptcy Code and modified the ride-through option.  *DaimlerChrysler Financial Services Americas, LLC v. Jones (In re Jones),* 591 F.3d 308 (4th Cir. 2010).

The modification was achieved by amending several sections of the Bankruptcy Code.  The primary provision is §521(a)(2) which requires a debtor to file a statement of intention with respect to secured property.  11 U.S.C. §521(a)(2).[1]  The debtor must file the statement of intention within

---

[1]Section 521(a)(2)(A) provides in part:

within thirty days after the date of the fling of a petition under chapter 7 .  .  . the debtor shall file .  .  . a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property.

30 days after the filing of the petition and perform his stated intention within 30 days after the first date set for the meeting of creditors.  If the debtor fails to timely file a statement of intention with respect to personal property or to indicate in the statement that the debtor will surrender the property or retain it by either redeeming the property or reaffirming the debt or fails to take the actions specified in the statement of intention, the automatic stay is terminated.  11 U.S.C. §362(h)(1).

Section 521(a)(6) also addresses the ride-through.  It substantially duplicates §521(a)(2). While it does not reference the statement of intent, it requires the debtor to reaffirm the debt or redeem the collateral within 45 days after the first meeting of creditors.  It is more restricted in scope because it only addresses allowed claims for "the purchase price secured" by personal property. Section 521(a)(2) in conjunction with §362(h) applies to all debts secured by personal property, not just purchase money debts.  Section 521(a)(6) does not refer to §362(h) but terminates the automatic stay itself.  11 U.S.C. §521(a)(6)(B).  Section 521(a)(6) allows 45 days after the first meeting of creditors for the debtor to comply while §521(a)(2) allows 30 days after the "first date set for the meeting of creditors" without regard to whether the meeting is actually held.  Section 521(a)(6) states that the debtor may "not retain possession" of the personal property but does not require the debtor to deliver the personal property to the creditor.  Both §521(a)(2) and §521(a)(6) terminate the automatic stay and allow the creditor to pursue its remedies.

Congress changed, but did not entirely eliminate, the ride-through provisions that existed before the 2005 amendments in the Bankruptcy Abuse Prevention and Consumer Protection Act. *In re Donald,* 343 B.R. 524 (Bankr.E.D.N.C. 2006).  It did not eliminate the ride-through for debts secured by real property.  *In re Waller,* 394 B.R. 111 (Bankr.D.S.C. 2008); *In re Wilson*, 372 B.R. 816 (Bankr.D.S.C. 2007);  *In re Bennet*, 2006 WL 1540842 (Bankr.M.D.N.C. 2006).

In this case, the debtor is current on his mortgage payments to the credit union. The house

is worth more than the debt. The credit union made no concession in the reaffirmation agreement

such as reducing the interest rate. There is no benefit to the debtor to reaffirming this debt.[2]

Alexandria, Virginia
June 24, 2010

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

H. Jason Gold, Trustee

Copy mailed to:

John D. Lopez
8374 Buttress Lane, #404
Manassas, Virginia 20110

Navy Federal Credit Union
Attn: Issa Hassan, Bankruptcy Specialist
820 Collin Lane
Vienna, Virginia 22180

16106

---

[2]This case does not involve a loan secured by personal property. If it did, the debtor or his counsel, needs to determine whether there is an *ipso facto* clause in the applicable loan documents. BAPCPA amended Section 521(d) by adding an additional right for creditors if the debtor does not take the actions required by §521(a)(6) or §362(h)(1). It continues in force any *ipso facto* clause in the underlying agreement. An *ipso facto* clause is a provision in the underlying agreement that "has the effect of placing the debtor in default . . . by reason of the occurrence, pendency, or existence of a proceeding under [the Bankruptcy Code] or the insolvency of the debtor." 11 U.S.C. §521(d). Prior to the 2005 amendments, *ipso facto* clauses were unenforceable as a matter of law. *DaimlerChrysler Financial Services Americas, LLC v. Jones (In re Jones),* 591 F.3d 308 (4th Cir. 2010); *Home Owners Funding Corp. of Am. v. Belanger (In re Belanger),* 962 F.2d. 345 (4th Cir. 1992) (*ipso facto* provisions deprive debtors of the advantages of bankruptcy proceedings); *Riggs Nat'l Bank v. Perry,* 729 F.2d 982, 984-85 (4th Cir.1984). In the circumstances described in §521(d), they are now effective, that is, to debts secured by personal property and, in the case of §521(a)(6), to debts securing purchase money loans.